IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGG EBERT, | ) |
| | ) |
| Plaintiff, | ) No. 16-CV-6858 |
| | ) |
| v. | ) |
| | ) Hon. Charles R. Norgle |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Gregg Ebert ("Plaintiff") filed this action seeking judicial review of the final administrative decision of Defendant Nancy A. Berryhill, Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 401 *et seq.* Before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Plaintiff's motion is denied. Defendant's motion is granted.

## I. BACKGROUND

On January 15, 2014, Plaintiff filed his DIB application, alleging that he became disabled on August 1, 2009 due to Human Immunodeficiency Virus ("HIV"), Diabetes, and Neuropathy. After an initial denial and denial on reconsideration, Plaintiff filed a timely request for an administrative hearing. On November 6, 2015, Plaintiff amended his alleged date of disability onset to May 28,

---

[1] The Court notes that Carolyn W. Colvin is no longer the Acting Commissioner of Social Security. The current Acting Commissioner of Social Security is Nancy A. Berryhill. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin in the instant action.

2013, and alleged that his disability was due to diabetic neuropathy, knee arthritis, and mental impairments including: depression, post-traumatic stress disorder ("PTSD"), generalized anxiety, and cluster B personality traits. Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge (the "ALJ") on November 9, 2015. A vocational expert and a medical expert also testified.

On December 14, 2015, the ALJ issued a written decision denying Plaintiff's application for benefits, finding that Plaintiff was not disabled under the SSA. The decision followed the five-step sequential evaluation process for determining whether a person is disabled under the SSA. 20 C.F.R. § 404.1520. As an initial matter, the ALJ concluded that Plaintiff last met the insured status requirements on December 31, 2014 (the "date last insured"). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity from his amended alleged onset date through the date last insured. At step two, the ALJ concluded that Plaintiff had the following severe impairments: HIV, diabetes, obesity, and degenerative joint disease of the knees bilaterally. As for Plaintiff's alleged mental impairments, the ALJ concluded that: "[t]he claimant's medically determinable mental impairments of anxiety and depression considered singly and in combination, did not cause more than minimal limitation in claimant's ability to perform basic mental work activities and were therefore nonsevere." Administrative Record (hereinafter "R."), 122.

In reaching this conclusion, the ALJ utilized the "special technique" for assessment of mental impairments. The special technique requires that the ALJ evaluate the claimant's "pertinent symptoms, signs, and laboratory findings" to determine whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). If the claimant has a medically determinable mental impairment, then the ALJ must document that finding and rate the degree of functional limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

2

In his application of the special technique, the ALJ considered statements made by Plaintiff in his Adult Function Report ("AFR"), completed by Plaintiff on June 5, 2014. R. 122, 320; Pl.'s Reply in Supp. at 4. In his AFR, Plaintiff stated that: he has no trouble managing his personal care and that he is able to prepare daily means; he is able to use public transportation and shop in stores; he spends time with friends weekly or bi-weekly; he is able to follow both written and spoken instructions without difficulty; and he had no limitations in the areas of completing tasks, concentration, or understanding. Based on these statements, the ALJ found no limitation in the areas of: activities of daily living; social functioning; and concentration, persistence, or pace. The ALJ further found that Plaintiff experienced no episodes of decompensation. The ALJ concluded that "[b]ecause the claimant's medically determinable mental impairments caused no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area, they were nonsevere." R. 122.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (20 C.F.R. §404.1520(d), § 4041525, § 4041526). Before step four, the ALJ found that Plaintiff had residual function capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except the claimant cannot climb ladders, ropes, or scaffolds. The ALF further found that Plaintiff should avoid loud background noises, and he must work in a temperature controlled climate.

As part of the RFC analysis, the ALJ considered the mental residual function capacity questionnaire ("medical source statement") completed by Katy Howe, LCSW on October 30, 2015. R. 126, 805. The ALJ noted that the medical source statement opined that Plaintiff had between limited and limited but satisfactory mental abilities to do unskilled work, semi-skilled work, skilled work, and particular types of jobs. R. 126. The ALJ also noted Ms. Howe's opinion that Plaintiff's anxiety and intermittent depression limits his ability to complete daily tasks. The ALJ considered that

3

Ms. Howe assigned Plaintiff a GAF score of 60, which is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. Finally, the ALJ stated that he "gives some weight to Ms. Howe's opinion and GAF score of the claimant" and that Ms. Howe's "opinion is generally consistent with the claimant's Adult Function Report, which indicates little or no limitations in functional areas." Id. However, the ALJ further stated that he only gave "partial weight" to Ms. Howe's opinion "because the claimant's primary impairments relating to his allegation of disability are physical and not mental." Id.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a travel agent because this work did not require performance of work-related activities precluded by Plaintiff's RFC. Thus, the ALJ concluded that Plaintiff was not disabled, as defined by the SSA, at any time from the alleged onset date through the date last insured. The Social Security Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009).

## II. DISCUSSION

### A. Standard of Decision

"Judicial Review of Administrative decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011). "When...an ALJ's decision constitutes the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria." Id. This is a deferential standard. Eichstadt v. Astrue, 534 F.3d 663, 665 (7th Cir. 2008). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Castile v. Astrue, 617 F.3d 923, 926 (7th Cir. 2010) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "When reviewing for substantial evidence, [courts] do not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." Id.

4

"In rendering [his] decision, the ALJ must 'build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence.'" Shideler v. Astrue, 688 F.3d 306, 310 (7th Cir. 2012) (quoting Schmidt v. Barnhart, 395 F.3d 737, 744 (7th Cir. 2005)). The Court "will uphold a decision so long as the evidence supports it and the ALJ explains [his] analysis of that evidence with 'enough detail and clarity to permit meaningful appellate review.'" Eichstadt, 534 F.3d at 665-666 (quoting Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005)).

## B. Regulatory Requirements

Disability insurance benefits are available to claimants who can establish "disability" under the terms of Title II of the SSA. Brewer v. Charter, 103 F.3d 1384, 1390 (7th Cir. 1997). The SSA defines a "disabled" individual as one who "is unable to engage in gainful activity by reason of any medically determinable physical or mental impairment which…has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), (2)(A). To qualify as "disabled," the SSA requires that an individual's impairments must be of such severity that he is "not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To make this determination, the Commissioner must employ a five step sequential evaluation. 20 C.F.R. §§ 404.1520. If the ALJ finds at any step of this evaluation that the claimant is or is not disabled, the inquiry ends. 20 C.F.R. § 494.1520(a)(4). Under the five step evaluation, the ALJ must inquire: (1) whether the claimant is still performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment or combination of impairments meets or equals a listed impairment; (4) whether the claimant's residual function capacity allows him to perform past relevant work; and (5) whether the claimant is capable of

5

performing any other work in the national economy. Id.; Barnhart v. Thomas, 540 U.S. 20, 25 (2003).

## C. The ALJ Properly Evaluated Plaintiff's Alleged Mental Impairments

Plaintiff first argues that the ALJ improperly ignored significant evidence of severe mental health impairments. Plaintiff points to three mental health treatment records created prior to the date last insured. The record shows that Plaintiff underwent an initial mental health evaluation on May 28, 2013, which resulted in a rule out diagnosis of depressive disorder and bereavement disorder. R. 747-49. On November 10, 2014, Plaintiff underwent a second mental health evaluation, resulting in a diagnosis of anxiety disorder, NOS, and a rule out diagnosis of major depressive disorder, recurrent, without psychotic features. R. 741-43. Finally, on December 17, 2014, Plaintiff's therapist stated that he was "cooperative, but seemed distracted throughout the session." R. 737. Defendant argues that the ALJ properly relied on Plaintiff's AFR in finding that he experienced little to no limitations in functional areas.

Here, the ALJ properly utilized the "special technique" for assessing the severity of Plaintiff's mental impairments. 20 C.F.R. § 404.1520a(c)(3). First, the ALJ concluded that Plaintiff had the medically determinable mental impairments of anxiety and depression, which is consistent with the 2014 mental health treatment records. Next, the ALJ considered relevant statements made by Plaintiff in his AFR—completed more than a year after his first initial mental health evaluation—and concluded that Plaintiff had no limitation in the areas of: activities of daily living; social functioning; and concentration, persistence, or pace; and that Plaintiff experienced no episodes of decompensation. Plaintiff is correct that the ALJ did not expressly reference the 2014 mental health treatment records discussed above. However, the record shows that the ALJ was aware of these records, as he referenced them at the November 9, 2015 hearing. R. 49. Moreover, Plaintiff fails to articulate how the 2014 mental health treatment records *contradict* the ALJ's finding that Plaintiff's "anxiety and depression considered singly and in combination, did not cause more than minimal

6

limitation in claimant's ability to perform basic mental work activities and were therefore nonsevere." R. 122; see Terry v. Astrue, 580 F.3d 471, 477 (7th Cir. 2009) (stating that "an ALJ need not discuss every piece of evidence in the record," but "may not ignore an entire line of evidence that is *contrary* to the ruling." (emphasis added)).

Next, Plaintiff points to mental health treatment records from 2015, in which he was diagnosed with major depressive disorder with probable dysthymia, probable PTSD, and personality cluster B traits. Plaintiff argues that the ALJ was required to consider the 2015 mental health treatment records under SSR 83-20. Defendant argues that the 2015 records were irrelevant to the ALJ's analysis because the records were the result of medical examinations that occurred after the date last insured.[2]

SSR 83-20 provides that "[i]n some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination." The Seventh Circuit has stated that "SSR 83–20 addresses situations in which an ALJ finds that a person is disabled as of the date she applied for disability insurance benefits, but it is still necessary to ascertain whether the disability arose prior to an even earlier date—normally, when the claimant was last insured." Eichstadt, 534 F.3d at 666. Therefore, SSR 83-20 does not apply in this case because the ALJ did not find that Plaintiff was disabled.

In sum, the Court rejects Plaintiff's argument that the ALJ improperly ignored significant evidence of severe mental health impairments. Rather, the ALJ properly relied on Plaintiff's own statements as substantial evidence in finding that his mental impairments were nonsevere.

## D. The ALJ Properly Considered Ms. Howe's Medical Source Statement

Next, Plaintiff argues that the ALJ improperly ignored or rejected without explanation portions of Ms. Howe's medical source statement that conflicted with the ALJ's finding that Plaintiff's mental impairments did not prevent him from performing his past work as a travel agent.

---

[2] Plaintiff does not dispute that the correct date last insured is December 31, 2014.

Plaintiff contends that the ALJ failed to adequately discuss Ms. Howe's finding that Plaintiff "experiences daily anxiety [and] intermittent depression which limit his ability to complete daily tasks and often inhibit his ability to leave home." R. 805. Defendant argues that the ALJ properly considered the medical source statement, and that it was the ALJ's duty to resolve conflicts in the evidence. The Court agrees with Defendant.

"[S]ubstantial evidence is evidence which a reasonable mind would accept as adequate to support a conclusion, such that where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the responsibility for that decision rests with the Commissioner." Schoenfeld v. Apfel, 237 F.3d 788, 793 (7th Cir. 2001) (citing Binion ex rel. Binion v. Chater, 108 F.3d 780, 782 (7th Cir.1997)). Here, the ALJ considered Ms. Howe's opinion that Plaintiff had between limited and limited but satisfactory mental abilities to do unskilled work, semi-skilled work, skilled work, and particular types of jobs. R. 126. The ALJ also acknowledged Ms. Howe's finding that Plaintiff's anxiety and intermittent depression limits his ability to complete daily tasks and that Ms. Howe assigned Plaintiff a GAF score of 60. Id. Finally, the ALJ gave some weight to Ms. Howe's opinion and GAF score, finding that her opinion was generally consistent with Plaintiff's AFR. Id.

The Court concludes that the ALJ adequately discussed conflicting evidence in the medical source statement, including Ms. Howe's finding that Plaintiff's anxiety and depression "limits his ability to complete daily tasks." Id. Despite this conflicting evidence, the ALJ found that the medical source statement was generally consistent with Plaintiff's AFR, which indicated little to no limitations in functional areas. This finding was supported by Ms. Howe's opinion that Plaintiff had between limited and limited but satisfactory mental abilities to perform unskilled work, semi-skilled work, skilled work, and particular types of jobs. At the very least, the evidence contained in the medical source statement would allow reasonable minds to differ as to whether Plaintiff's mental impairments would prevent him from performing his past work as a travel agent, therefore requiring

8

deference to the ALJ's conclusion. Schmidt, 395 F.3d at 745. Accordingly, the ALJ's decision was supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 2, 2018